NO. 23-20480

## UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

**The Woodlands Pride, Incorporated; Abilene Pride Alliance; Extragrams, L.L.C.; 360 Queen Entertainment, L.L.C., Brigitte Bandit,**
*Plaintiffs-Appellees*

**V.**

**Warren Kenneth Paxton, In an Official Capacity as Attorney General of Texas; Brett Ligon, In an Official Capacity as District Attorney of Montgomery County; Montgomery County, Texas; James Hicks, In an Official Capacity as District Attorney of Taylor County; Taylor County, Texas, City of Abilene, Texas,**
*Defendants-Appellants*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

Civil Action No. 4:23-cv-02847
Honorable David Hittner, Judge, presiding

## ORIGINAL BRIEF FOR DEFENDANTS-APPELLANTS
## JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY
## OF TAYLOR COUNTY AND TAYLOR COUNTY, TEXAS

Respectfully submitted,

**BY:** *s/ Robert B. Wagstaff*
**ROBERT B. WAGSTAFF (#20665000)**
MCMAHON SUROVIK SUTTLE, P.C.
400 Pine Street, Suite 800
Abilene, Texas 79601
Telephone:  (325) 676-9183
Facsimile:   (325) 676-8836
Email:  rwagstaff@mcmahonlawtx.com

**NO. 23-20480**

# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

**The Woodlands Pride, Incorporated; Abilene Pride Alliance; Extragrams, L.L.C.; 360 Queen Entertainment, L.L.C., Brigitte Bandit,**
*Plaintiffs-Appellees*

**V.**

**Warren Kenneth Paxton, In an Official Capacity as Attorney General of Texas; Brett Ligon, In an Official Capacity as District Attorney of Montgomery County; Montgomery County, Texas; James Hicks, In an Official Capacity as District Attorney of Taylor County; Taylor County, Texas, City of Abilene, Texas,**
*Defendants-Appellants*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**
Civil Action No. 4:23-cv-02847
Honorable David Hittner, Judge, presiding

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Honorable Court may evaluate possible disqualification or recusal.

Plaintiffs-Appellees:                     The Woodlands Pride, Incorporated
                                          Abilene Pride Alliance
                                          Extragrams, L.L.C.
                                          360 Queen Entertainment, L.L.C.
                                          Brigitte Bandit


Plaintiffs-Appellees' Counsel:            Brian Klosterboer
                                          Chloe Kempf
                                          Thomas Buser-Clancy
                                          Edgar Saldivar
                                          Adriana Pinon
                                          ACLU Foundation of Texas, Inc.
                                          P.O. Box 8306
                                          Houston, TX 77288
                                          (713) 942-8146
                                          (713) 942-8966 (Fax)
                                          bklosterboer@aclutx.org
                                          ckempf@aclutx.org
                                          tbuser-clancy@aclutx.org
                                          esaldivar@aclutx.org
                                          apinon@aclutx.org

                                          Derek R. McDonald
                                          Maddy R. Dwertman
                                          Katie Jeffress
                                          Baker Botts L.L.P.
                                          401 S. 1st St., Ste. 1300
                                          Austin, TX 78704
                                          (512) 322-2500
                                          derek.mcdonald@bakerbotts.com
                                          maddy.dwertman@bakerbotts.com
                                          katie.jeffress@bakerbotts.com

                                          Brandt Thomas Roessler
                                          Baker Botts L.L.P.
                                          30 Rockefeller Plaza
                                          New York, NY 10112
                                          (212) 408-2500
                                          (212) 408-2501 (Fax)
                                          brandt.roessler@bakerbotts.com

Emily Rohles
Baker Botts L.L.P.
910 Louisiana St.
Houston, TX 77002
(713) 229-1234
(713) 229-1522 (Fax)
emily.rohles@bakerbotts.com

Defendant-Appellant:                    Warren Kenneth Paxton, in an Official Capacity as Attorney General of Texas

Defendant-Appellant's Counsel:          Lanora C. Pettit
                                        William F. Cole
                                        Office of the Attorney General
                                        P.O. Box 12548 (MC 059)
                                        Austin, TX 78711-2548
                                        (512) 936-1700
                                        (512) 474-2697 (Fax)
                                        lanora.pettit@oag.texas.gov
                                        william.cole@oag.texas.gov

Defendants-Appellants:                  Brett Ligon, in an Official Capacity as District Attorney of Montgomery County
                                        Montgomery County, Texas

Defendants-Appellants' Counsel:         B.D. Griffin, County Attorney
                                        Daniel Plake, Assistant County Attorney
                                        501 N. Thompson St., Ste. 100
                                        Conroe, TX 77301
                                        (936) 539-7828
                                        (936) 538-8079 (Fax)
                                        bd.griffin@mctx.org
                                        daniel.plake@mctx.org

Defendants-Appellants:                    James Hicks, in an Official Capacity as
                                          District Attorney of Taylor County
                                          Taylor County, Texas

Defendants-Appellants' Counsel:           Robert B. Wagstaff
                                          McMahon Surovik Suttle, P.C.
                                          P.O. Box 3679
                                          Abilene, Texas 79604-3679
                                          (325) 676-9183
                                          (325) 676-8836 (Fax)
                                          rwagstaff@mcmahonlawtx.com

Defendant-Appellant:                      City of Abilene, Texas

Defendant-Appellant's Counsel:            Ramon G. Viada III
                                          Viada & Strayer
                                          17 Swallow Tail Ct.
                                          The Woodlands, TX 77381
                                          (281) 419-6338
                                          rayviada@viadastrayer.com

Respectfully submitted,

**BY:**  */s/ Robert B. Wagstaff*
         **ROBERT B. WAGSTAFF (#20665000)**
         MCMAHON SUROVIK SUTTLE, P.C.
         400 Pine Street, Suite 800
         Abilene, Texas 79601
         Telephone:  (325) 676-9183
         Facsimile:   (325) 676-8836
         Email:  rwagstaff@mcmahonlawtx.com

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Pursuant to 5th Cir. Rule 28.2.4, Defendants-Appellants James Hicks, in an Official Capacity as District Attorney of Taylor County and Taylor County, Texas herein respectfully suggest that oral argument is likely to assist this Honorable Court with adjudicating this matter.

## <u>TABLE OF CONTENTS</u>

**CERTIFICATE OF INTERESTED PERSONS** ................................................ ii

**STATEMENT REGARDING ORAL ARGUMENT** ........................................vi

**TABLE OF CONTENTS** ..................................................................... vii

**TABLE OF AUTHORITIES** ..................................................................ix

**JURISDICTIONAL STATEMENT**......................................................1

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW** ......................1

    **II.**    **The Trial Court incorrectly held that Taylor County was a proper party under a *Monell* claim** ................................................................1

    **III.**    **Abilene Pride Alliance failed to prove a justiciable claim against either Taylor County or DA Hicks** .......................................1

    **IIII.**    **Enforcement authority alone by Taylor County and DA Hicks is insufficient to invoke *Ex parte Young* in a pre-enforcement First Amendment case**...............................................................1

    **IV.**    **Claims against Taylor County and DA James Hicks are moot by the Trial Court's Order and should have been dismissed**..............1

**STATEMENT OF THE CASE** ...........................................................2

    **A. Proceedings Below**...............................................................2

    **B. Statement of the Facts**.........................................................2

**SUMMARY OF THE ARGUMENT** ...................................................5

**ARGUMENT** ..............................................................................6

    **I.**    **The Trial Court incorrectly held that Taylor County was a proper party under a *Monell* claim** ................................................................6

**II.**     **Abilene Pride Alliance failed to prove a justiciable claim against either Taylor County or DA Hicks** ....................................................8

**III.**    **Enforcement authority alone by Taylor County and DA Hicks is insufficient to invoke *Ex parte Young* in a pre-enforcement First Amendment case** ...................................................................................9

   **DA Hicks Was Sued in his Capacity as a State Official** .................9

   **The *Ex parte Young* Exception to Sovereign Immunity Does Not Apply** ..........................................................................................12

**IV.**    **Claims against Taylor County and DA James Hicks are moot by the Trial Court's Order and should have been dismissed** ............13

**CONCLUSION** ................................................................................................15

**CERTIFICATE OF SERVICE** .....................................................................16

**CERTIFICATE OF COMPLIANCE** ...........................................................17

# TABLE OF AUTHORITIES

## CASES

*Arnone vs. County of Dallas County, Texas*, 29 F.4th 262, 265-66, 268-269 (5th Cir. 2022)..................................................................................6, 7

*Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997) ................7

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) .......................................7

*Coleman v. Caruso*, 413 Fed. Appx. 866, 872 (6th Cir. 2011) (unpublished) ........14

*Coleman v. Granholm*, No. 06-12485, 2007 WL 2461695, *2 (E.D. Mich. Aug. 27, 2007) ......................................................................................14

*Crane v. Texas*. 766 F.2d 193, 194 (5th Cir. 1985) ....................................10, 11, 12

*Daves v. Dallas County*, 22 F.4th 522, 533-34 (5th Cir. 2022).............................11

*Echols v. Parker*, 909 F.2d 795, 799, 801 (5th Cir. 1990) ...........................7, 11, 12

*Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997)........................................11, 12

*Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ............................................................ 1, 5, 8, 9, 10, 12, 13, 15

*Harris County v. Carmax Auto Superstores Inc.*, 177 F.3d 306, 318 (5th Cir. 1999)..........................................................................................................14

*Hudson v. City of New Orleans*, 174 F.3d 67, 682 (5th Cir. 1999) ..................10, 11

*Monell v. New York Department of Social Services*, 436 U.S. 658, 690-94 (1978) ....................................................................1, 5, 6, 7, 15

*Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) .......................................13

*Nat'l Press Photographers Ass'n v. McCraw*, 504 F. Supp. 3d 568, 583, (W.D. Tex. 2020) (Pittman, J.) ......................................................................9, 10, 12

*Nat'l Press Photographers Ass'n v. McCraw*, 84 F.4th 647-48
(5th Cir. 2023) ................................................................10, 11, 13

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
833 F.2d 583, 586 (5th Cir. 1987) .............................................8

*Quinn v. Roach*, 326 Fed. App. 280, 292-93 (5th Cir. 2009) (unpublished)...........11

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) ................................8

*Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) .....................13

*Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) .....................13

*Texas v. United States*, 523 U.S. 296, 300 (1998) ........................................8

*Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295
(5th Cir. 2006) .........................................................................8

*Whole Woman's Health v. Jackson*, 142 S.Ct. 522 (2021) ......................................12

## STATUTES

42 U.S.C. § 1983 ...............................................................4, 5, 6, 7, 9, 11

Texas Government Code 43.105 ...................................................................11

Texas Local Government Code 243.0031 ............................................................3, 8

## RULES

5th Cir. Rule 28.2.1 ........................................................................ ii

5th Cir. Rule 28.2.4 ........................................................................vi

## **JURISDICTIONAL STATEMENT**

The Woodlands Pride challenged the constitutionality of a new Texas, Senate Bill 12, law on First Amendment grounds.  The Trial Court's subject matter jurisdiction is found in 28 U.S.C. §§ 1331 and 1343.

This Court has jurisdiction under 28 U.S.C. §1291 as an appeal from the final decision of a district court, and under Federal Rule of Appellate Procedure 4.

On September 26, 2023, the Trial Court issued Findings of Facts and Conclusions of Law finding Senate Bill 12 unconstitutional, and ordered a Permanent Injunction barring enforcement of Senate Bill 12. ROA.1240.  Taylor County, Texas and James Hicks, in an Official Capacity as District Attorney of Taylor County filed their notice of appeal on October 25, 2023.

This appeal is from a final order or judgment that disposes of all parties' claims.

## **STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

I. **The Trial Court incorrectly held that Taylor County was a proper party under a *Monell* claim.**

II. **Abilene Pride Alliance failed to prove a justiciable claim against either Taylor County or DA Hicks**

III. **Enforcement authority alone by Taylor County and DA Hicks is insufficient to invoke *Ex parte Young* in a pre-enforcement First Amendment case.**

IV. **Claims against Taylor County and DA James Hicks are moot by the Trial Court's Order and should have been dismissed.**

# STATEMENT OF THE CASE

## A. Proceedings Below

On August 2, 2023, Plaintiffs-Appellees, The Woodlands Pride, Inc., Abilene Pride Alliance, Extragrams, LLC, 360 Queen Entertainment LLC, and Brigitte Bandit (hereinafter referred to as "Pride parties") brought suit challenging the constitutionality of Senate Bill 12, against Defendants-Appellants Angela Colemenero, in an official capacity as Interim Attorney General of Texas, The Woodlands Township, Montgomery County, Texas, Brett Ligon, in an official capacity as District Attorney of Montgomery County, City of Abilene, Texas, Taylor County, Texas, James Hicks, in an official capacity as District Attorney of Taylor County, Delia Garza, in an official capacity as County Attorney of Travis County, Joe D. Gonzales, in an official capacity as District Attorney of Bexar County in the Southern District Court of Texas Houston Division. (ROA 20-62).

On August 21, 2023, Defendant-Appellant City of Abilene filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, failure to state a claim. (ROA 473-525).  On August 23, 2023, Defendants-Appellants Montgomery County, Texas, Brett Ligon, Taylor County, Texas, James Hicks, Delia Garza, and Joe D. Gonzales filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (ROA 646-666).  On August 28 and 29, 2023, the trial on the merits and permanent injunction were heard with evidence presented. On September

26, 2023, the Southern District Court of Texas, Houston Division, entered an order of permanent injunction and enjoining Defendants-Appellants from enforcing Senate Bill 12. (ROA 1240-1295). On October 3, 2023, the Southern District Court of Texas Houston Division denied all Defendants' motions to dismiss as moot. (ROA 1328-1330). Subsequently, Defendants-Appellants Taylor County, Texas and James Hicks filed this appeal to the Fifth Circuit Court of Appeals on October 25, 2023. (ROA 1906-1907).

**B.** **Statement of the Facts**

Senate Bill 12 (SB 12) Section 2 amends the Texas Local Government Code allowing municipalities and counties to "regulate sexually oriented performances as the municipality or county considers necessary to promote the public health, safety, or welfare". Local Government Code Section 243.0031 as amended by Senate Bill 12 does not mandate that Taylor County regulate sexually oriented performances. Senate Bill 12 Section 2 further amends the Texas Local Government Code prohibiting municipalities and counties from "authoriz[ing]" a "sexually oriented performance" on public property or in the presence of anyone under the age of 18.

The only Plaintiff that alleged or offered any evidence they plan to host or engage in any drag performances, festivals, or related activities within Taylor County was the Abilene Pride Alliance. The Abilene Pride Alliance seeks relief against James Hicks in his official capacity as District Attorney pursuant to 42

U.S.C. § 1983.  None of the other Plaintiffs seek relief from James Hicks in his official capacity.

Abilene Pride Alliance is a non-profit organization that has hosted drag-type festivals and activities within the City of Abilene and Taylor County. (1 Tr. 118-21).

In September of 2022, Abilene Pride Alliance hosted a street parade that featured drag performers on floats and followed with an all-ages Pride Festival at a local park which included drag performances.

At the time of trial, Abilene Pride Alliance had been permitted by the City of Abilene for a parade on September 30, 2023 – which happened. Drag performers planned to perform in the parade and did. A festival was planned on property owned by Taylor County but operated by a non-profit organization, but an alternative private site was used.

The uncontroverted testimony was that the 2022 Parade and subsequent Festival were conducted in an age-appropriate manner that did not involve performers dressing indecently or engaging in simulated sex acts in the presence of children. (1 Tr. 121-23). The 2023 Parade and Festival was planned to be a similar all ages appropriate event and did not intend to nor believed it would allow any such acts as would violate SB 12 per the Abilene Pride Alliance testimony. (1. Tr. 127, 137-43).

Not only was there any apparent controversy over what was going to occur at the 2023 parade and festival, but Abilene Pride Alliance failed to introduce evidence that either Taylor County or District Attorney James Hicks threatened to prosecute SB 12, threatened to enact enforcement ordinances or to otherwise have been in any conflict with the Abilene Pride Alliance. There was no proof of any plan to enforce SB 12 against the Abilene Pride Alliance, nor was there any communication from Taylor County or DA Hicks that SB 12 now brings into question the activities from the 2022 Parade and Festival or the then planned activities from the 2023 Parade and Festival.

## SUMMARY OF THE ARGUMENT

There was no evidence presented by Abilene Pride Alliance of an official county policy to support a § 1983 *Monell* claim against Taylor County. Abilene Pride Alliance failed to show a justiciable claim against either Taylor County or DA Hicks as they testified their belief was that no actions on their part would violate SB 12 and even if it did, they have no evidence to believe a credible threat of prosecution existed. DA Hicks was sued to enjoin possible criminal prosecution of a state law and would be acting in his capacity as a state actor on presumptive enforcement, thereby entitling him to sovereign immunity under the 11th Amendment. The limited exception to sovereign immunity set out in *Ex parte Young* in inapplicable in this case as there was no evidence of potential enforcement. Finally, if this Court holds

that SB 12 is unconstitutional and upholds the injunction against the Texas Attorney General, then the claims against Taylor County and DA Hicks are moot. If the Court finds that SB 12 is constitutional, then the injunction against all Defendants will be dissolved and enforcement will proceed. Either way, Taylor County and DA Hicks are unnecessary parties and should have been dismissed when the Trial Court enjoined the AG from enforcement.

## **ARGUMENT**

### I.    The Trial Court incorrectly held that Taylor County was a proper party under a *Monell* claim.

Abilene Pride Alliance failed to prove a *Monell* claim and therefore lack standing to sue Taylor County under 42 U.S.C. § 1983. The Trial Court simply stated that Monell allows municipalities to be sued, which is correct, but only when certain criteria are met. *Monell v. New York Department of Social Services,* 436 U.S. 658, 691 (1978) requires that to establish a § 1983 cause of action against a local governmental entity, the plaintiff must demonstrate that "action pursuant to official municipal policy of some nature caused a constitutional tort." A Plaintiff must plead and prove three elements against a county - (1) a policy maker of the county; (2) makes an official policy; which (3) violates a constitutional right whose 'moving force' is the policy or custom. *Arnone vs. County of Dallas County, Texas,* 29 F.4th 262, 265-66 (5th Cir.2022) (citing *Monell*).

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997). Thus, "[o]nly those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion) (emphasis added). Municipal liability under § 1983 cannot rest on agency principles or respondeat superior. *Monell* at 690-94; *Brown* at 403.

Assuming arguendo that SB 12 does create the claimed constitutional rights violation, Abilene Pride Alliance still failed to plead or prove the existence of a Taylor County policy maker responsible for a policy that is the "moving force" of any supposed enforcement of SB 12. District Attorney James Hicks, in his official capacity, is not a Taylor County policy maker. See *Arnone,* 29 F.4th, at 268-69. Since SB 12 directs prosecutors' enforcement actions, DA Hicks is considered a state official, not county, under these pleadings and circumstances. See *Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990) (when state statute directs a local official, they are acting for the state). With no evidence of a policy by a policy maker, Abilene Pride Alliance failed to plead or prove a *Monell* claim and a standing right to sue Taylor County. Taylor County should have been dismissed.

## II.     Abilene Pride Alliance failed to prove a justiciable claim against either Taylor County or DA Hicks

Abilene Pride Alliance also failed to show a justiciable controversy under the new Local Government Code Section 243.0031(b) as amended by SB 12. There was no evidence put forth of any county ordinance, contract or other enforcement of SB 12 such that the constitutional rights are even possibly infringed by the new law through the county's actions. Further, such pre-enforcement claims by Abilene Pride Alliance are only justiciable and ripe if they can show that: (1) they intend to engage in a course of conduct arguably affected with a constitutional right or interest; (2) that the course of action arguably falls within the statute; and (3) there exists a credible threat of prosecution under the statute. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).  Further, "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006) (*quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)).  Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. (*quoting Texas v. United States*, 523 U.S. 296 (1998)).

Abilene Pride Alliance testified they had no knowledge of any planned acts by the County or the DA to enforce SB 12, or any reason to believe that the County or DA would make their parade or festival an issue due to the new law. Abilene Pride Alliance also testified their activities would not be violating SB 12. (1. Tr. 127, 137-43). Thus, no justiciable controversy was shown and the alleged claims are not ripe. Abilene Pride Alliance provided no evidence that Taylor County has threatened or indicated they would take any action to enforce such that free speech and expression would be arguably chilled.

### III.    Enforcement authority alone by Taylor County and DA Hicks is insufficient to invoke *Ex parte Young* in a pre-enforcement First Amendment case.

### DA Hicks Was Sued in his Capacity as a State Official

Abilene Pride Alliance sued DA Hicks in his "official capacity as District Attorney of Taylor County" under 42 U.S.C. § 1983.  Hicks, as with the other defendant prosecutors, generally argued his immunity was not waived by *Ex parte Young* as no overt actions had been taken toward potential enforcement of the new law and simply because he had general jurisdiction to enforce the laws of the state did not, in and of itself, create a waiver of immunity. See *Ex parte Young*, 209 U.S. 123, 159-160 (1908).

The Trial Court relied on *Nat'l Press Photographers Ass'n v. McCraw,* 504 F. Supp. 3d 568, 583 (W.D. Tex.2020) (Pittman, J.) for its conclusion that a "district

attorney's duty to enforce state law [is] sufficient to satisfy *Ex parte Young*." ROA.1264. The Trial Court further found that Abilene Pride Alliance had "demonstrated a credible threat of prosecution" and that none of the potential enforcement Defendants failed to present "any 'compelling contrary evidence' that they will not enforce the statute that facially restricts expressive activity by Abilene Pride." (ROA 1268,69). Again, as noted above, Abilene Pride Alliance stated they believed their activities did not violate SB 12. *Id*. Abilene Pride Alliance did testify they were concerned that some of the drag activities might be misconstrued as violative of SB 12. 1 TR. 149 This testimony is speculative at best. Abilene Pride Alliance also testified they had no issues with law enforcement or the county during their prior drag brunches or with the 2022 Parade and Festival under the then existing laws. (1 TR. 136, 137, 149).

*McCraw* was recently overturned in part on the issue of whether the mere duty to enforce state law is sufficient to satisfy *Ex parte Young's* exception to sovereign immunity. *Nat'l Press Photographers Ass'n v. McCraw,* 84 F.4th 632, 647-48 (5th Cir. 2023). But, in the recent *McCraw* decision, this Circuit generally holds that the Hays County District Attorney is not entitled to sovereign immunity since he is a county official. *Id.* at 648, citing *Hudson v. City of New Orleans,* 174 F.3d 677, 682 (5th Cir.1999), which in turn relied on *Crane v. Texas,* 766 F.2d 193 (5th Cir.1985) involving analysis of how a Texas District Attorney is a county and not a state

official. *Crane* involved Dallas County policy in which then DA Wade did influence and alter. *Id*. at 194. In 2009, this Court held that a Texas District Attorney is entitled to Eleventh Amendment immunity and characterized Crane as "holding that Texas district attorney acted as county official in setting county policy for authorization of misdemeanor warrants". *Quinn v. Roach,* 326 Fed. App. 280, 292-93 (5th Cir. 2009) (unpublished).

Recently, this Circuit confirmed the analysis for purposes of § 1983 liability versus sovereign immunity is not the same. See *Daves v. Dallas County,* 22 F.4th 522, 533-34 (5th Cir. 2022) (en banc). In 1983 lawsuits, the Court looks to the officer's role or function. *Id.* at 534. This Court held that *Hudson* was not relevant to the determination of "whether an official was acting for a state or a local government" in a 1983 suit. *Id.*

Abilene Pride brought this case against DA Hicks pursuant to Section 1983 because he is responsible for criminal prosecutions in Taylor County. (ROA 26-62). SB 12, Section 3 is the only section relevant to Hicks, as he only has criminal enforcement authority. TEX. GOV'T CODE § 43.105. If DA Hicks chose to enforce SB 12, Section 3 by prosecution, he would be enforcing a state criminal statute.

As this Court held in *Esteves v. Brock,* 106 F.3d 674, 678 (5th Cir.1997), "Texas law makes clear that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state… In Echols v. Parker we

found that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law." *Id.* (citing *Echols v. Parker,* 909 F.2d 795, 801 (5th Cir.1990)).

Unlike DA Wade in *Crane*, DA Hicks's role herein is not one of county policy enforcement. DA Hicks was sued because of his "prosecutorial capacity" to enforce SB 12, Section 3. Thus, Abilene Pride Alliance was trying to enjoin DA Hicks in his role as a state official, not a county official, and he is therefore entitled to 11th Amendment sovereign immunity, just like Taylor County. DA Hicks should have been dismissed from this case.

**The *Ex parte Young* Exception to Sovereign Immunity Does Not Apply**

With DA Hicks acting as a state official and entitled to 11th Amendment protection, the Trial Court incorrectly held that the *Ex parte Young* exception to sovereign immunity "requires nothing more that the defendant to have a specific duty to enforce the challenged statute." Citing *Whole Woman's Health v Jackson*, 142 S. Ct. 522 (2021). (ROA 1262). Unlike this case, *Whole Woman* does not involve free speech or preemptive criminal prosecution by a District Attorney, but civil enforcement through "private civil actions." *Id*. DA Hicks was sued for criminal, not civil prosecution.

To fit within the *Ex parte Young* exception to state sovereign immunity, you must allege and provide some evidence that the defendant official has more than a

"general duty to see that the laws of the state are implemented." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). The Fifth Circuit has consistently held this requires some evidence the state official took some "affirmative action" on enforcement of the challenged statute wherein the official has "a demonstrated willingness to enforce that duty." See *Tex. Democratic Party I,* 961 F.3d 389, 400 (5th Cir. 2020); *Morris*, 739 F.3d at 746; *Tex. Democratic Party II*, 978 F.3d 168, 179 (5th Cir. 2020).

In *McCraw*, this Court's recent opinion that the duty to enforce state law in and of itself is insufficient to fall within *Ex parte Young's* exception to sovereign immunity confirms that Hicks' immunity is not waived in this case. *McCraw,* 84 F.4th at 647-48. This Court specifically noted there was not even a scintilla of evidence and actually used the term "zilch." *Id*. at 648. With "zilch" in the way of enforcement evidence provided by Abilene Pride Alliance as to Taylor County or DA Hicks, they should have been dismissed by the Trial Court.

## IV.     Claims against Taylor County and DA James Hicks are moot by the Trial Court's Order and should have been dismissed.

On the last page of the Trial Court's Order, he states that all Defendants are enjoined from enforcement, starting with Attorney General Paxton. (ROA 1295). Once the AG is enjoined, then as noted by the Trial Court in Footnote 80 of its Order, this "binds all state and local governmental actors commanded or authorized to act

under it." Citing *Harris County v. Carmax Auto Superstores Inc.*, 177 F.3d 306, 318 (5th Cir. 1999). (ROA. 1264).

The Trial Court found SB 12 unconstitutional and permanently enjoined AG Paxton, thereby necessarily enjoining DA Hicks. Including DA Hicks and the other DAs was superfluous. So is the inclusion of DA Hicks in the lawsuit itself. If this Court ultimately finds that SB 12 is unconstitutional, then the Trial Court acknowledges that the claims against DA Hicks are moot. If this Court finds that SB 12 is constitutional, then there was no reason to enjoin DA Hicks in the first place. Hence, DA Hicks and the other DAs should never have been parties because the claims are either moot or properly enforceable.

It is the same reason why every DA in Texas did not need to be a party or each county for that matter. As noted by DA Ligon and Montgomery County, the Sixth Circuit affirmed the claim of mootness against a county in a facial challenge to state law, holding that "to the extent that Plaintiffs are asserting a facial challenge to [Michigan law requiring filing fees by indigent inmates], every county in Michigan need not be named." *Coleman v. Caruso*, 413 Fed. Appx. 866, 872 (6th Cir. 2011) (unpublished) (Quoting *Coleman v. Granholm,* No. 06-12485, 2007 WL 2461695, *2 (E.D. Mich. Aug. 27, 2007)).

Abilene Pride Alliance is challenging a Texas state statute that neither Taylor County nor Hicks were even authorized to promulgate, much less had any role in

drafting. By including Attorney General Paxton in this suit, there was never a need to name or keep Taylor County or Hicks in this suit and the Trial Court should have dismissed all claims against them as moot once it ruled the statute unconstitutional.

## CONCLUSION

The Trial Court's failure to dismiss Taylor County and DA Hicks was error for all the reasons stated above and should be reversed. Abilene Pride Alliance failed to prove a *Monell* claim against Taylor County. Abilene Pride Alliance failed to prove a ripe justiciable controversy. *Ex parte Young* does not preclude sovereign immunity as to Taylor County and DA Hicks. Regardless, any claims against Taylor County and DA Hicks are moot by the Trial Court's Order enjoining AG Paxton should SB 12 be held unconstitutional by this Court and if not unconstitutional, then any injunction was improper to begin with. Taylor County and DA Hicks should have been dismissed by the Trial Court.


Respectfully submitted,


**BY:**    */s/ Robert B. Wagstaff*
        **ROBERT B. WAGSTAFF (#20665000)**
        MCMAHON SUROVIK SUTTLE, P.C.
        400 Pine Street, Suite 800
        Abilene, Texas 79601
        Telephone:   (325) 676-9183
        Facsimile:    (325) 676-8836
        Email:  rwagstaff@mcmahonlawtx.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing brief was electronically filed on the <u>*9th day of*</u> <u>*January, 2024*</u>, using the court's CM/ECF system.  I further certify that on this same date, a copy of this brief was served on all counsel of record via CM/EFC.

Brian Klosterboer
Chloe Kempf
Thomas Buser-Clancy
Edgar Saldivar
Adriana Pinon
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288

Derek R. McDonald
Maddy R. Dwertman
Katie Jeffress
Baker Botts L.L.P.
401 S. 1st St., Ste. 1300
Austin, TX 78704

Brandt Thomas Roessler
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

Emily Rohles
Baker Botts L.L.P.
910 Louisiana St.
Houston, TX 77002

Lanora C. Pettit
William F. Cole
Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, TX 78711-2548

B.D. Griffin, County Attorney
Daniel Plake, Assistant County Attorney
501 N. Thompson St., Ste. 100
Conroe, TX 77301

Ramon G. Viada III
Viada & Strayer
17 Swallow Tail Ct.
The Woodlands, TX 77381


*/s/ Robert B. Wagstaff*
**ROBERT B. WAGSTAFF**


# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because this brief contains 3555 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief was prepared using Microsoft Word for Microsoft 365.


*/s/ Robert B. Wagstaff*                           *January 9, 2024*
**ROBERT B. WAGSTAFF**                       **DATE**
Attorney for Defendants-Appellants
James Hicks, in an Official Capacity
as District Attorney of Taylor County
and Taylor County, Texas