# United States Court of Appeals for the Fifth Circuit

No. 23-20480

The Woodlands Pride, Incorporated; Abilene Pride Alliance; Extragrams, L.L.C.; 360 Queen Entertainment, L.L.C.; Brigitte Bandit,

*Plaintiffs—Appellees*,

*versus*

Warren Kenneth Paxton, *In an official capacity as Attorney General of Texas*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2847

UNPUBLISHED ORDER

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that Appellant-Texas Attorney General's opposed motion for a stay of the injunction pending appeal is CARRIED WITH THE CASE. This motion does not request either emergency relief or expedited consideration. The Texas Attorney General has instead sought multiple extensions of the deadline to file his opening brief. Accordingly, the

motion for stay pending appeal should be decided by the merits panel. We express no opinion on the disposition of that motion.

James C. Ho, *Circuit Judge*:

The State of Texas asserts a profound interest in shielding children from sexually oriented content. *See*, *e.g.*, *Ginsberg v. New York*, 390 U.S. 629, 639 (1968) ("The well-being of its children is of course a subject within the State's constitutional power to regulate," "justify[ing] . . . limitations . . . upon the availability of sex material to minors"); *FCC v. Pacifica Foundation*, 438 U.S. 726, 749 (1978) ("Bookstores and motion picture theaters . . . may be prohibited from making indecent material available to children."); *New York v. Ferber*, 458 U.S. 747, 757 (1982) ("we have sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights"); *Thompson v. Oklahoma*, 487 U.S. 815, 824 (1988) (in all "50 States," "no one under age 16 may purchase pornographic materials"); *see also Pope v. Illinois*, 481 U.S. 497, 516 n.11 (1987) (Stevens, J., dissenting) ("As for prohibiting sale or exhibition of sexually explicit material to minors . . . it has long been established that the State may go beyond the constitutional definition of obscenity."). This same interest in protecting the innocence of children is likewise reflected in other laws that shield minors from other adult activities. *See*, *e.g.*, 21 U.S.C. § 387f(d)(5) (tobacco); 23 U.S.C. § 158 (alcohol); Conn. Gen. Stat. § 12-576 (gambling).

Texas law defines sexually oriented content to include only that which appeals to the prurient interest in sex. Plaintiffs insist they do not offer such content—and not in the presence of children, in any event. If that is so, then they should have no quarrel with Texas law.

The motion for a stay pending appeal should be granted. Under the order issued today, the argument panel can do so.