No. 23-20480

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

THE WOODLANDS PRIDE, INCORPORATED; ABILENE PRIDE ALLIANCE; EXTRAGRAMS, L.L.C.; 360 QUEEN ENTERTAINMENT, L.L.C.; BRIGITTE BANDIT,

Plaintiffs-Appellees,

v.

WARREN KENNETH PAXTON, IN AN OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS; BRETT LIGON, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF MONTGOMERY COUNTY; MONTGOMERY COUNTY, TEXAS; JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF TAYLOR COUNTY; TAYLOR COUNTY, TEXAS; CITY OF ABILENE, TEXAS,

Defendants-Appellants.

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civil Action No. 4:23-cv-02847

**BRIEF OF REV. HEATHER P. TOLLESON AND
FIRST CHRISTIAN CHURCH OF KATY, TEXAS
AS *AMICUS CURIAE* IN SUPPORT OF APPELLEES**

| | |
|---|---|
| Peter D. Kennedy | Charles J. Harder |
| Texas Bar No. 112966 | charder@harderllp.com |
| pkennedy@gdhm.com | Dilan A. Esper |
| Graves Dougherty Hearon & Moody P.C. | desper@harderllp.com |
| 401 Congress Ave., Suite 2700 | Harder Stonerock LLP |
| Austin, TX 78701 | 6300 Wilshire Blvd., Suite 640 |
| (512) 480-5764 | Los Angeles, CA 90048 |
| | (424) 203-1600 |

*Attorneys for Amicus Curiae*

# Table of Contents

Table of Contents ..................................................................................................i

Table of Authorities ............................................................................................ ii

Interest of Amici Curiae......................................................................................1

Summary of Argument .......................................................................................3

Argument............................................................................................................4

    I.     Pastors and Ministries such as Rev. Tolleson and the Church use drag shows for bona fide expressive and religious purposes ....................4

    II.    Use of drag in religious activities is constitutionally protected ............7

         A.     Free expression ..........................................................................7

         B.     Free exercise .............................................................................9

Conclusion ........................................................................................................11

Certificate of Compliance .................................................................................12

Certificate of Service ........................................................................................12

# Table of Authorities

**Cases**                                                                                                   **Page(s)**

*303 Creative LLC v. Elenis*,
   600 U.S. 570 (2023)...................................................................................7

*Cantwell v. Connecticut*,
   310 U.S. 296 (1940)..................................................................................10

*Employment Division v. Smith*,
   494 U.S. 872 (1990)..................................................................................10

*HEB Ministries, Inc. v. Texas Higher Education Coordinating Bd.*,
   235 S.W.3d 627 (Tex. 2007) ....................................................................10

*Murdock v. Pennsylvania*,
   319 U.S. 105 (1943)....................................................................................4

*One, Inc. v. Olesen*,
   355 U.S. 371 (1958) (per curiam)...............................................................4

*Pleasant Glade Assembly of God v. Schubert*,
   264 S.W.3d 1 (Tex. 2008)..........................................................................9

*Rosenberger v. Rectors and Visitors of the Univ. of Virginia*,
   515 U.S. 819 (1995) ..................................................................................8

*Walz v. Tax Commission of City of New York*,
   397 U.S. 664 (1970)...................................................................................8

*West Virginia v. Barnette*,
   319 U.S. 624 (1943)...............................................................................7, 8

**Articles**

Christopher Wiggins, "Nazis, Patriot Front Converge at a Drag Bingo
   at Texas Church" *The Advocate* (Sep. 26, 2022).....................................5

Karen Pilarski, "Drag Queen Story Hour draws protests, and
   counterprotests, at Brookfield church," *Milwaukee Journal-*
   *Sentinel* (Apr. 9, 2019).............................................................................6

## Websites

https://ground.news/article/drag-bingo-night-at-madison-church-stirs-controversy-in-community ................................................................. 6

https://iucc.org/events/80s-drag-bingo ....................................................... 6

https://portland.kidsoutandabout.com/content/drag-queen-story-hour-kisses-wyeast-unitarian-universalist-congregation ............................................. 6

https://sports.yahoo.com/drag-queen-church-bingo-returns-172100311.html ................................................................................. 6

https://www.acradurham.org/events/past-events/22-drag-bingo.html ..................... 6

https://www.cathedralofhope.com/drag-sunday ....................................... 6

https://www.google.com/search?q=houston+canterbury+church+drag+show&sca_esv=d43f5111e59e559f&sca_upv=1&ei=0PIfZr6VA6TJkPIPt9mGyAE&ved=0ahUKEwi-vZz2z8mFAxWkJEQIHbesARkQ4dUDCBA&uact=5&oq=houston+canterbury+church+drag+show&gs_lp=Egxnd3Mtd2l6LXNlcnAiI2hvdXN0b24gY2FudGVyYnVyeSBjaHVyY2ggZHJhZyBzaG93MgUQIRigATIFECEYoAEyBRAhGKABMgUQIRigAUjFCVDeBViZCHABeACQAQCYAYYYoAHFA6oBAzEuM7gBA8gBAPgBApgCBKAC1wOYAwCIBgGSBwMwLjSgB8kP&sclient=gws-wiz-serp#vhid=zephyrhttps://www.facebook.com/houstoncanterbury/&vssid=collectionitem-web-desktophttps://www.facebook.com/houstoncanterbury/ ..................................... 5

https://www.houstonpublicmedia.org/articles/lgbtq/2023/12/04/471360/trinity-episcopal-church-to-host-holiday-themed-drag-show-in-houston-tuesday/ ................................................................................. 5

https://www.jewishdallas.org/calendar/the-next-queen-of-persia-a-purim-spiel-extravaganza-1710181916 ................................................. 6

https://www.sparkoc.com/event/menalive-drag-bingo-fundraiser-dessert-auction/ ....................................................................................... 6

https://www.tiktok.com/@matronsofmayhem/video/7195438610433232174 ................................................................................. 6

## Interest of Amici Curiae

Pastor Rev. Heather P. Tolleson has been, since 2012, the Lead Pastor at the First Christian Church of Katy, Texas (the "Church"), which is part of the nationwide Disciples of Christ movement, a discipline that counts almost 3,800 congregations throughout the country. Rev. Tolleson has been a leader in the movement to provide Christian ministry to the LGBTQ+ community. In 2017, the Church adopted an open and affirming resolution confirming that the LGBTQ+ community is welcome in and an integral part of its congregation, the first church in Katy, Texas to do so. The Church believes, and teaches, that God's love is universal and that LGBTQ+ people are equal in the eyes of God and should have the same access to God's love and the message of Jesus Christ as any other member of the community would have.

Starting in 2019, the Church started holding events with drag performances, and from 2022 forward, the Church has held regular Drag Bingo events, including three events scheduled in 2024. These events serve multiple religious and speech related purposes, including (1) affirming the Church's and God's love for LGBTQ+ people, (2) outreach and ministry to the LGBTQ+ community, (3) attracting LGBTQ+ people and their allies to attend Church events and services, and (4) fundraising for the Church.

The Drag Bingo events have been enormously successful for the Church, which has more than doubled its membership since the events began. The Church has also raised substantial additional funds to expand its ministry from these events. Importantly, the Drag Bingo events have both facilitated the Church's ministry to LGBTQ+ people and attracted many others to attend church and experience God's love.

S.B. 12 threatens the Church and Rev. Tolleson's ministry. While the Church and Rev. Tolleson ensure that the Church's ministerial practice, lessons, and Church-sponsored events are by no means "sexual" or "prurient," the law's vague and overbroad provisions put the Church in a precarious, if not impossible, position. Others might claim that, by nature of the very existence of performers dressed in drag, no matter how non-sexual and non-prurient in nature, Drag Bingo events are nevertheless a violation of the law. Further, the Church has trans parishioners, and parishioners who wear clothes or costumes at variance with their assigned sex at birth, who could face potential persecution and be chilled from coming to church entirely. The Church and Rev. Tolleson thus have an interest in the outcome of this litigation.

Counsel for Amicus Curiea have contacted counsel for all parties who have confirmed they consent to the filing of this brief.

## Summary of Argument

Rev. Tolleson and the Church, like many other churches and religious organizations across the country, use drag shows to further important aims of their ministry, including by preaching a message that God loves everyone equally (including LGBTQ+ people), attracting LGBTQ+ people and their allies to church where they can receive God's message, and raising money for church activities. They also use drag shows to express their support for LGBTQ+ rights. All of these activities are constitutionally protected as both free expression and the free exercise of religion.

S.B. 12 threatens to chill these protected activities. S.B. 12 calls into question a church's ability to use drag shows, drag bingo, drag queen story hour, or other drag performances in its religious services and church activities. It also potentially chills parishioners' right to worship, to the extent that someone engages in religious activities while dressed in drag or at variance with their assigned sex at birth.

Accordingly, this Court should take into consideration the serious threats to religious speech and the free exercise of religion when considering the constitutionality of S.B. 12.

## Argument

### I. Pastors and Ministries such as Rev. Tolleson and the Church use drag shows for bona fide expressive and religious purposes.

Rev. Tolleson and the Church began putting on Drag Bingo events in 2022. As mentioned above, these events serve multiple religious and expressive purposes, from expressing their belief in God's love for the LGBTQ+ population and gender non-conforming individuals, to such people and their allies to the Church's ministry, to fundraising for the Church's other religious activities. *Murdock v. Pennsylvania*, 319 U.S. 105, 110-11 (1943) ("worship in the churches," "preaching from the pulpits," and "solicitation of funds" for religious institutions are all protected by the First Amendment).

Religious events that use drag are not only protected as the free exercise of religion for the religious goals they serve, but also are a form of highly protected political and cultural expression affirming the dignity and acceptance of LGBTQ+ people. Speech promoting the acceptance of sexual minorities has been recognized as protected expression for over 65 years, dating back to the Supreme Court's landmark ruling in *One, Inc. v. Olesen*, 355 U.S. 371 (1958) (per curiam), holding that a publication (*One* magazine) dedicated to the acceptance of gay people could not constitutionally be held to be "obscene" under the First Amendment.

The protected nature of the Church's and Rev. Tolleson's expression is underscored by the fact that the Church has drawn protests and counter-protests for

its LGBTQ+ outreach and Drag Bingo events. *See* Christopher Wiggins, "Nazis, Patriot Front Converge at a Drag Bingo at Texas Church," *The Advocate* (Sep. 26, 2022). It is beyond unfortunate that the Church's outreach to LGBTQ+ people attracted Nazi demonstrations, but nonetheless, these protests confirm that the Church's position that the love of Christ extends to all people, including members of the LGBTQ+ community, is an issue of great public concern that has sparked intense discussion and debate. This is exactly the sort of expression the First Amendment protects. It would be perverse if the First Amendment protected the Nazi demonstrators' right peacefully to protest the Church, which it does, but not the Church's right to express itself on the same important issue of public concern.

The Church and Rev. Tolleson are not alone in using drag as a tool to bring people to Christ and save souls. Among the churches around the country that host Drag Bingo or similar events are (1) the Houston Canterbury Episcopal Church in Houston, Texas,[1] (2) Trinity Episcopal Church in Houston, Texas,[2] (3) Resurrection

---

[1] *See* https://www.google.com/search?q=houston+canterbury+church+drag+show&sca_esv=d43f5111e59e559f&sca_upv=1&ei=0PIfZr6VA6TJkPIPt9mGyAE&ved=0ahUKEwi-vZz2z8mFAxWkJEQIHbesARkQ4dUDCBA&uact=5&oq=houston+canterbury+church+drag+show&gs_lp=Egxnd3Mtd2l6LXNlcnAiI2hvdXN0b24gY2FudGVyYnVyeSBjaHVyY2ggZHJhZyBzaG93MgUQIRigATIFECEYoAEyBRAhGKABMgUQIRigAUjFCVDeBViZCHABeACQAQCYAYYBoAHFA6oBAzEuM7gBA8gBAPgBAZgCBKAC1wOYAwCIBgGSBwMwLjSgB8kP&sclient=gws-wiz-serp#vhid=zephyrhttps://www.facebook.com/houstoncanterbury/&vssid=collectionitem-web-desktophttps://www.facebook.com/houstoncanterbury/.

[2] *See* https://www.houstonpublicmedia.org/articles/lgbtq/2023/12/04/471360/trinity-episcopal-church-to-host-holiday-themed-drag-show-in-houston-tuesday/.

Metropolitan Community Church in Houston, Texas,[3] (4) the Cathedral of Hope in Dallas, Texas,[4] (5) the Calvary United Methodist Church in Durham, North Carolina,[5] (6) the First Congregational Church of Madison, Wisconsin,[6] (7) the Peace United Church of Rochester, Minnesota,[7] (8) the First Baptist Church of Salt Lake City, Utah,[8] (9) the Church of the Foothills in Santa Ana, California,[9] and (10) the Irvine United Congregational Church in Irvine, California.[10]

Drag events are not limited to mainline Christian denominations. Makom Shelanu Congregation Jewish Community in Fort Worth, Texas, for instance, hosted a Purim service featuring a drag queen portraying Esther.[11] Moreover, several Unitarian Universalist congregations have hosted or sponsored drag performances.[12]

---

[3] *See* https://www.facebook.com/events/resurrection-metropolitan-community-church/drag-bingo/1638487196428710/.

[4] *See* https://www.cathedralofhope.com/drag-sunday.

[5] *See* https://www.acradurham.org/events/past-events/22-drag-bingo.html.

[6] *See* https://ground.news/article/drag-bingo-night-at-madison-church-stirs-controversy-in-community.

[7] *See* https://sports.yahoo.com/drag-queen-church-bingo-returns-172100311.html.

[8] *See* https://www.tiktok.com/@matronsofmayhem/video/7195438610433232174.

[9] *See* https://www.sparkoc.com/event/menalive-drag-bingo-fundraiser-dessert-auction/.

[10] *See* https://iucc.org/events/80s-drag-bingo.

[11] *See* https://www.jewishdallas.org/calendar/the-next-queen-of-persia-a-purim-spiel-extravaganza-1710181916.

[12] *See* Karen Pilarski, "Drag Queen Story Hour draws protests, and counterprotests, at Brookfield church," *Milwaukee Journal-Sentinel* (Apr. 9, 2019). *See also* https://portland.kidsoutandabout.com/content/drag-queen-story-hour-kisses-wyeast-unitarian-universalist-congregation.

## II. Use of drag in religious activities is constitutionally protected.

### A. Free expression.

The U.S. Supreme Court recently clarified the strong protection that religious speech receives under the First Amendment. In *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023), the Court held that the operator of a website who held religious convictions against same-sex marriage could not be compelled to produce custom wedding websites celebrating same-sex couples. "No government may alter the expressive content" of a religious message. *Id.* at 596 (cleaned up). The Court traced its holding back to the seminal case protecting the First Amendment rights of Jehovah's Witnesses who held religious objections to saluting the flag: "no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion." *Id.* at 601 (quoting *West Virginia v. Barnette*, 319 U.S. 624, 642 (1943)).

But S.B. 12 would do just that. The Church, Rev. Tolleson, and the numerous other churches that use drag in religious activities and services, sincerely believe that this kind of expression benefits their ministries and the religious goals of their churches. This judgment – which others freely may disagree with – is protected by the First Amendment, just as Lorrie Smith's religious belief against same-sex marriage was protected in *303 Creative*, even if others disagreed with it, and Walter Barnette's religious belief that he could not salute the United States flag was

protected in *Barnette*, again even if others disagreed. Indeed, our republic was founded upon disagreement about religious beliefs and practices, and our constitution enshrines the freedom of individuals and institutions to exercise their religious beliefs. Beyond this, as Appellees have shown, drag performances are a form of live theater, fully protected by the First Amendment. *Appellees' Brief.* at 63-70. Accordingly, churches have a First Amendment right to use this form of expression to fulfill the goals of their ministry.[13]

Additionally, the Church's Drag Bingo events vividly express its sincerely held beliefs that LGBTQ+ people are welcome to worship in its congregation, should have equal rights, are equal in the eyes of God, and receive Christ's love just as much as anyone else. "[I]ndividual churches frequently take strong positions on public issues including ... vigorous advocacy of legal or constitutional positions. Of course, churches as much as secular bodies and private citizens have that right." *Walz v. Tax Commission of City of New York*, 397 U.S. 664, 669 (1970).

The chilling effect is magnified by the broad scope and vagueness of S.B. 12. For instance, the law purports to criminalize events where minors are present, which

---

[13] The First Amendment treats all points of view equally. Just as Lorrie Smith in *303 Creative* received full protection for her right not to convey speech about LGBTQ+ people that she disagreed with, so too should speakers such as Rev. Tolleson and the Church have full protection for their right to convey ***their*** opinions and beliefs about LGBTQ+ people. Viewpoint discrimination is "an egregious form of content discrimination," *Rosenberger v. Rectors and Visitors of the Univ. of* Virginia, 515 U.S. 819,829 (1995), and is almost always unconstitutional.

would chill the Church's outreach to all youth, including gay, trans, and nonbinary youth, as well as forcing the Church to exclude minor parishioners from church activities that involve a person dressed in drag, such as a Drag Bingo event. The law would also subject the Church's religious activities to an "appeal to the prurient interest" test, imposing someone *else's* judgment that drag performances contain a sexual element, even if the Church does not view them that way.

Thus, S.B. 12 both chills the First Amendment rights of churches to use drag to spread their religious message and to attract parishioners and donors, and also chills their right to opine on issues of great public concern involving the LGBTQ+ community. The Court should give significant consideration to these issues when determining the constitutionality of S.B. 12.

### B. Free exercise.

"[R]eligious practices that might offend the rights or sensibilities of a non-believer outside the church are entitled to greater latitude when applied to an adherent within the church." *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 12 (Tex. 2008). The Texas Supreme Court thus held that the free exercise clause of the First Amendment prohibited tort liability for injuries suffered by a parishioner as part of a religious ceremony involving the practice of "laying on of hands" to exorcise demons. Nothing can be more central to a church's exercise of its constitutionally-protected free exercise rights than its choice of how to express

its religious message. *See id.* (citing cases protecting a church's right to preach controversial doctrines, tell its former parishioners they risk going to Hell, etc.). "No one would contest the proposition that a state may not, by statute, wholly deny the right to preach or to disseminate religious views." *Cantwell v. Connecticut*, 310 U.S. 296, 304 (1940) (statute requiring state license as a precondition for solicitation of religious donations violates the free exercise clause). *Cf. HEB Ministries, Inc. v. Texas Higher Education Coordinating Bd.*, 235 S.W.3d 627, 657 (Tex. 2007) (state cannot regulate how a church teaches its beliefs as part of its religious mission).

We expect the State will contend that its actions are permitted under *Employment Division v. Smith*, 494 U.S. 872 (1990), which upheld the application of a generally applicable drug prohibition law to a church's use of a hallucinogen as part of its religious services. However, *Smith* is distinguishable because, unlike the drug law in *Smith* (which applied to the conduct of drug use and would be constitutional as a generally applicable law so long as it had a rational basis), S.B. 12 targets *speech* and *expressive conduct* and therefore is subject to heightened scrutiny. Thus, this Court should consider S.B. 12's potential chilling effect on the decisions of religious leaders as to how they wish to preach their doctrines, run their churches, and raise money for their charitable and religious activities, in determining the constitutionality of the law.

## Conclusion

When deciding the constitutionality of S.B. 12, this Court should consider its chilling impact on ministers and churches throughout the Fifth Circuit who incorporate drag performances in their ministries. Because such performances are constitutionally protected speech and religious expression, and because S.B. 12 would chill the exercise of those rights, Rev. Tolleson and the First Christian Church of Katy, Texas, agree with Appellees that S.B. 12 violates the First Amendment, and ask that this Court uphold the District Court's ruling.

/s/ Peter D. Kennedy
Peter D. Kennedy
Texas Bar No. 112966
pkennedy@gdhm.com
Graves Dougherty Hearon & Moody P.C.
401 Congress Ave., Suite 2700
Austin, Texas 78701
(512) 480-5764

Charles J. Harder
charder@harderllp.com
Dilan A. Esper
desper@harderllp.com
Harder Stonerock LLP
6300 Wilshire Blvd., Suite 640
Los Angeles, CA 90048
(424) 203-1600

*Attorneys for Amicus Curiae*
*Rev. Heather P. Tolleson and*
*First Christian Church of Katy, Texas*

## Certificate of Compliance

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2268 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font size 14 for the main text and font size 12 for footnotes.

/s/ *Peter D. Kennedy*
Peter D. Kennedy

## Certificate of Service

I certify that the foregoing brief was served on counsel for the parties *via* the Court's electronic filing system on April 17, 2024.

/s/ *Peter D. Kennedy*
Peter D. Kennedy