

Texas

May 15, 2025

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
for the Fifth Circuit

Via CM/ECF

Re:   Rule 28(j) Letter from Appellees, *The Woodlands Pride v. Paxton*, No. 23-20480

Dear Mr. Cayce:

I write to notify the Court of *HM Florida-ORL, LLC v. Governor of Florida*, No. 23-12160 (11th Cir. May 13, 2025), which affirmed a preliminary injunction against a Florida law that, like S.B. 12, implicitly targets drag shows.

Florida's version of a drag ban, S.B. 1438, makes it a misdemeanor to "knowingly admit a child to an adult live performance." Fla. Stat. § 827.11(3). The law defines "adult live performance" as a show "depict[ing] or simulat[ing] nudity, sexual conduct, sexual excitement, or specific sexual activities . . ." *Id.* "Though the Act applies to a range of 'adult live performances,' its enactors focused on how it would restrict one particular type of performance: drag shows." *HM Florida-ORL*, at 4.

The Eleventh Circuit first held that the plaintiff has standing to bring a pre-enforcement challenge. Even though the plaintiff's "family-friendly performances contained 'no lewd activity, sexually explicit' content, or anything else inappropriate for a child," they featured "clothing more conventionally worn by the other sex" and "[p]rosthetic breasts . . . arguably proscribed" by the statute. *Id.* at 11-12. The law's vagueness further created a reasonable risk of self-censorship sufficient to create injury-in-fact. *Id.* at 13. Like Defendants here, Florida officials were statutorily

tasked with enforcing S.B. 1438 and did not disavow it, so they were proper defendants for injunctive and declaratory relief. *See id.* at 14, 23-24.

The Eleventh Circuit also found the plaintiff likely to succeed on the merits. Although Florida's law contains a modified version of the *Miller v. California* obscenity test—guardrails absent from S.B. 12—its attempt to ban "lewd conduct" without specifically defining that term makes the law unconstitutionally vague and overbroad. *See id.* at 43-44, 61. While Florida's law attempts to modify the obscenity test for minors by distinguishing between the specific age of each minor—another aspect narrower than S.B. 12—it nevertheless prohibits "a 'substantial' amount of protected free speech, 'judged in relation to [its] plainly legitimate sweep.'" *Id.* at 70-71.

The Eleventh Circuit's analysis provides the most analogous appellate decision to date and confirms that the district court's permanent injunction here should be affirmed.

Respectfully submitted,

/s/ *Brian Klosterboer*

Brian Klosterboer
Counsel for Plaintiffs-Appellees


Cc: All counsel of record (via CM/ECF)

2

**Certificate of Service**

   I certify that on May 15, 2025, I filed this document via the Court's ECF system, which serves the document on all counsel of record. All parties in this case are represented by registered ECF users.

Dated:  May 15, 2025          <u>/s/ Brian Klosterboer</u>
                        Brian Klosterboer