

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

WILLIAM F. COLE
Principal Deputy Solicitor General

(512) 936-2725
William.Cole@oag.texas.gov

May 20, 2025

**Via CM/ECF**

Lyle W. Cayce, Clerk
United States Court of Appeals for Fifth Circuit

    Re:    No. 23-20480, *The Woodlands Pride v. Paxton*

Dear Mr. Cayce:

    The Eleventh Circuit's recent, divided decision in *HM Florida-ORL, LLC v. Governor of Florida*, 2025 WL 1375363 (11th Cir. May 13, 2025), is not "the most analogous appellate decision to date," Letter from B. Klosterboer to L. Cayce at 2 (May 15, 2025)—the Sixth Circuit's decision in *Friends of George's, Inc. v. Mulroy*, 108 F.4th 431 (6th Cir. 2024), *cert. denied.* 145 S.Ct. 1178 (2025), is. *See* Letter from W. Cole to L. Cayce (July 23, 2024). *HM Florida* is distinguishable from this case in every way that matters.

    *First*, in holding that the plaintiff had standing to challenge a Florida law regulating the admission of minors to sexually explicit performances, the Eleventh Circuit found an injury-in-fact based on the tripartite conclusion that (1) the Florida law was unconstitutionally vague; (2) the defendant had a history of "prior enforcement actions against similar speakers," *HM Florida*, 2025 WL 1375363 at *7, and (3) the facts in the "verified complaint" showed that the defendant and "proponents of the Act may view" the plaintiff's conduct as violating the law, *id.* But S.B.12 is not vague, AG.Br.40-42; AG.Reply.29-31; there is no evidence "of prior enforcement" against "similar speakers," *HM Florida*, 2025 WL 1375363 at *7; and no evidence *at trial* indicated that S.B.12 would be enforced against plaintiffs in the hypothetical and unrealistic ways they posit, AG.Br.11-20; AG.Reply.2-12.

    *Second*, the Eleventh Circuit held Florida's law unconstitutionally vague because of two components of the law not present here: the phrase "lewd conduct" and its "age-variable obscenity standard." S.B.12 does not regulate "lewd conduct" simpliciter, but instead the exhibition or representation of genitals in a lewd state,

Page 2

Tex. Penal Code § 43.28(a)(1)(B)—a more specific statutory phrase that the Eleventh Circuit acknowledged *would* pass constitutional muster, *HM Florida*, 2025 WL 1375363 at *17. Nor does S.B.12 contain an "age-variable obscenity standard"; instead, its age-limit requirement is more akin to the one upheld by this Court in *Free Speech Coalition, Inc. v. Paxton*, 95 F.4th 263 (5th Cir. 2024)—a case the Eleventh Circuit distinguished. *See HM Florida*, 2025 WL 1375363 at *25 n.12.

Respectfully submitted.

/s/ William F. Cole

William F. Cole
Principal Deputy Solicitor General

cc: all counsel of record (via CM/ECF)