

July 15, 2025

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
for the Fifth Circuit

Via CM/ECF

Re:   Response to July 11, 2025 Rule 28(j) Letter from Appellant Attorney
General Paxton, *The Woodlands Pride v. Paxton*, No. 23-20480 (Dkt. 275)

Dear Mr. Cayce:

The Supreme Court's recent decision in *Free Speech Coalition v. Paxton* confirms that strict scrutiny "is the standard for reviewing the direct targeting of fully protected speech." No. 23-1122, 2025 WL 1773625 *12 (U.S. June 27, 2025). Because S.B. 12 directly targets protected speech, it is subject to strict scrutiny, which it cannot withstand.

Unlike the age-verification law in *Free Speech Coalition*, S.B. 12 does far more than "incidentally burden" the protected speech of adults. *Id.* at *15. It prohibits *all* targeted performances on: (1) *all* public property in the state—regardless of whether minors are present—and (2) both public and private property if minors could be present. ROA.170-71. S.B. 12 therefore operates as an "outright ban[] on speech . . . [that] directly (and not merely incidentally) regulate[s] adults' protected speech," which subjects it to strict scrutiny. *Free Speech Coalition*, 2025 WL 1773625 at *15 n. 11.

S.B. 12 is also not aimed at, nor limited to, performances obscene as to minors. Texas's age-verification law examined in *Free Speech Coalition* explicitly incorporates the three-part obscenity test from *Miller v. California* and adapts it for minors, *id.* at *7, but the Texas Legislature explicitly disregarded each of the *Miller*

factors in crafting S.B. 12. Appellees' Br. at 7; *see also id.* at 97–99 (explaining other differences between S.B. 12 and H.B. 1184).

Even if this Court were to apply intermediate scrutiny to S.B. 12, the District Court correctly held that the law would fail. ROA.1285-86 n.98. Far beyond merely requiring adults to verify their age before viewing targeted content, S.B. 12 directly suppresses constitutionally protected performances and imposes far greater restrictions than are essential to furthering the government's alleged interest in protecting children from non-obscene content. *See* Appellees' Br. at 121–22.

Respectfully submitted,

/s/ *Brian Klosterboer*

Brian Klosterboer
Counsel for Plaintiffs-Appellees

Cc: All counsel of record (via CM/ECF)

2

## CERTIFICATE OF SERVICE

I certify that on July 15, 2025 I filed this document via the Court's ECF system, which serves the document on all counsel of record. All parties in this case are represented by registered ECF users.

Dated:    July 15, 2025

/s/ *Brian Klosterboer*
Brian Klosterboer