No. 23-20480

# In the United States Court of Appeals for the Fifth Circuit

THE WOODLANDS PRIDE, INCORPORATED; ABILENE PRIDE ALLIANCE; EXTRAGRAMS, L.L.C.; 360 QUEEN ENTERTAINMENT, L.L.C.; BRIGITTE BANDIT,

*Plaintiffs-Appellees,*

*v.*

WARREN KENNETH PAXTON, IN AN OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS; BRETT LIGON, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF MONTGOMERY COUNTY; MONTGOMERY COUNTY, TEXAS; JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF TAYLOR COUNTY; TAYLOR COUNTY, TEXAS; CITY OF ABILENE, TEXAS,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

## APPELLANT ATTORNEY GENERAL PAXTON'S RESPONSE TO PETITION FOR PANEL REHEARING

The Attorney General agrees that Plaintiffs' void-for-vagueness claim, sounding in the Fourteenth Amendment's Due Process Clause, is analytically distinct from their First Amendment overbreadth claim. *See Holder v. Humanitarian L. Proj.*, 561 U.S. 1, 18-20 (2010). If anything, however, Plaintiffs had to make an even more substantial showing to prevail on their vagueness claim. A First Amendment overbreadth claim incorporates a "less demanding though still rigorous standard" requiring the plaintiff to show that "a substantial number of [the law's] applications are

unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (quoting *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 615 (2021)). In contrast, "[t]his circuit's precedent instructs that a facial [vagueness] challenge may only be sustained 'if the enactment is impermissibly vague in all of its applications.'" *McClelland v. Katy ISD*, 63 F.4th 996, 1013 (5th Cir. 2023) (quoting *Home Depot, Inc. v. Guste*, 773 F.2d 616, 627 (5th Cir. 1985)). Such challenges are "often difficult, perhaps impossible, because facts are generally scarce." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 547 (5th Cir. 2008). Thus, a "vagueness challenge does not turn on whether a law applies to a substantial amount of protected expression." *Holder*, 561 U.S. at 20. If it did, "the doctrines would be substantially redundant." *Id.*

Because of the distinct standards—and since *Moody* did not change the standard for vagueness challenges—it would be appropriate for the Court to grant panel rehearing for the limited purpose of resolving Plaintiffs' vagueness claim.[*] But if it does so, the Court should reverse the district court's order and render judgment for

---

[*] The same is not true of Plaintiffs' arguments that S.B.12 violates the First Amendment because it is both content- and viewpoint-discriminatory and operates as a prior restraint. As Plaintiffs appear to agree (at 14-15 n.4), those arguments go to "the First Amendment merits," not to the "separate" issue of the "facial nature of [Plaintiffs'] challenge." *Moody*, 603 U.S. at 717. "[C]lassifying a lawsuit as facial or as-applied affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding 'breadth of the remedy,' but it does not speak at all to the substantive rule of law necessary to establish a constitutional violation." *Bucklew v. Precythe*, 587 U.S. 119, 138 (2019) (quoting *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010)).

the Attorney General for the reasons the Attorney General has already explained. *See* AG.Br.40-42; AG.Reply.29-31.

A law will be declared void for vagueness only if it specifies "no standard of conduct at all," *Roark*, 522 F.3d at 554-55, or depends upon "wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings," *United States v. Williams*, 553 U.S. 285, 306 (2008). In other words, the statute must be "written in such a manner that 'ordinary people' can understand what is prohibited." *Doe I v. Landry*, 909 F.3d 99, 118 (5th Cir. 2018) (quoting *Roark*, 522 F.3d at 552). "[P]erfect clarity and precise guidance are not required." *Id.* at 117 (citation omitted). Indeed, this Court has "rejected that a law 'must delineate the exact actions a [person] would have to take to avoid liability.'" *Id.* at 118 (quoting *Roark*, 522 F.3d at 552). After all, "[m]any perfectly constitutional statutes use imprecise terms," *Sessions v. Dimaya*, 584 U.S. 148, 159 (2018), and "'the law is full of instances where a man's fate depends on his estimating rightly,'" *Johnson v. United States*, 576 U.S. 591, 604 (2015) (quoting *Nash v. United States*, 229 U.S. 373, 377 (1913)).

Under these standards, the statutory terms "lewd," "prurient interest in sex," and "performer" are not unconstitutionally vague—much less facially so, *i.e.*, in all of their applications. AG.Br.40-42; AG.Reply.29-31. As the Attorney General has explained, the former two terms have been defined in judicial opinions (including those of the Supreme Court) and have withstood vagueness challenges for decades. *See* AG.Reply.30 (citing AG.Br.41-42 (collecting authorities)); *see Doe I*, 909 F.3d at 117 (explaining that "the common understanding of [a] term supplies a clear enough

standard" to withstand a vagueness challenge); *see also Woodlands Pride, Inc. v. Paxton*, 157 F.4th 775, 781 (5th Cir. 2025) (correctly consulting Supreme Court precedent to ascertain the meaning of "prurient interest in sex"). And "performer" is not unconstitutionally vague because, under the common, ordinary meaning of that term, an individual would have no trouble distinguishing a performer from a member of the audience or "festival attendee[]," Appellees.Br.74, in all but the most unusual of cases. *See* AG.Reply.31 (explaining that "performer" is defined as "a person who entertains an audience"). The most Plaintiffs could offer is speculation about hypothetical edge cases, but "the mere fact that close cases can be envisioned" does not "render[] a statute vague," since "[c]lose cases can be imagined under virtually any statute." *Williams*, 553 U.S. at 305-06. "The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt" in criminal cases and a preponderance of evidence in civil cases. *Id.* at 306.

Because the Court can reverse and render judgment for the Attorney General on district court's flawed vagueness analysis—which involved legal standards that were undisturbed by *Moody*—there is no reason for the Court to issue a limited remand *without* vacatur rather than a full remand with vacatur, the latter of which has been this Circuit's usual practice when it remands a case for a proper facial overbreadth analysis under *Moody*. *See, e.g.*, *NetChoice, L.L.C. v. Fitch*, 134 F.4th 799, 807-09 (5th Cir. 2025); *NetChoice, L.L.C. v. Paxton*, 121 F.4th 494, 497 (5th Cir. 2024); *cf.* Pet. 19-20 (arguing that the Court should issue a limited remand without vacatur for a proper *Moody* analysis *if* it declines to address the vagueness claim).

## CONCLUSION

To the extent the Court grants panel rehearing, it should reverse and render judgment for the Attorney General on Plaintiffs' void-for-vagueness claim.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

WILLIAM R. PETERSON
Solicitor General

/s/ William F. Cole
WILLIAM F. COLE
Principal Deputy Solicitor General
William.Cole@oag.texas.gov

Counsel for Defendant-Appellant
Attorney General Paxton

### CERTIFICATE OF COMPLIANCE

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 995 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ William F. Cole
WILLIAM F. COLE